JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
Telephone:       (415) 436-6809
Fax:       (415) 436-7234
Email: wendy.thomas@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　) | Case No. CR 08-0362 MAG |
| 　　　　　　　　　　　　　　　　) | |
| 　　　Plaintiff,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | **DECLARATION OF SARA KIM IN** |
| v.　　　　　　　　　　　　　　　) | **SUPPORT OF UNITED STATES'** |
| 　　　　　　　　　　　　　　　　) | **MOTION FOR SUMMONS** |
| CALEB V. RELITZ,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　Defendant.　　　　　　　　) | |

I, Sara Kim, hereby declare as follows:

1. I am a law clerk in the United States Attorney's Office assigned to the prosecution of this case.  I have received the following information from United States Park Rangers employed by the National Park Service and from reports and other documents provided to me by the National Park Service.

2. On April 12, 2008, at approximately 7:15 p.m., National Park Service Rangers Mark Andrews ("Andrews") and Chad Marin ("Marin") were on foot patrol in the Stinson Beach Roadway/parking area.  The heavy traffic allowed Rangers Marin and Andrews to conduct traffic stops while on foot.

3. As Rangers Marin and Andrews walked along the line of outbound vehicles, Ranger

Marin observed in plain view an open beer can in the front console between the driver and passenger in the vehicle driven by a subject, later identified as Caleb V. Relitz ("Defendant"). Ranger Marin ordered that the vehicle pull off to the side. After Ranger Marin repeated his command several times, the vehicle came to a complete stop.

4.  Ranger Marin approached the driver's side front window and told Defendant to shut off the vehicle and hand him the can of beer. Defendant appeared to hesitate, but complied with the request. Ranger Marin confirmed that the can did contain a measurable amount of liquid. Ranger Marin requested that Defendant produce his driver's license. Defendant was unable to provide identification except by verbal name and date of birth. When questioned, Defendant admitted knowledge that his license to drive had been suspended for a "DUI". Ranger Andrews then performed field sobriety tests on Defendant.

5.  Ranger Andrews asked Defendant to step out and move to the front of his vehicle. Defendant slowly exited the vehicle and moved to the front of the vehicle, but then began walking away until Ranger Andrews ordered him to stop and return to the area in front of his vehicle. Ranger Andrews asked Defendant how much he had had to drink. Defendant replied, "A couple of beers." Ranger Andrews then asked when he had been drinking. He replied, "two or three hours ago."

6.  Ranger Andrews conducted three field sobriety tests on Defendant: (1) Horizontal Gaze Nystagmus; (2) Walk and Turn; and (3) One Leg Stand.

7.  Upon completing the Standardized Field sobriety tests, Ranger Andrews determined Defendant was under the influence of alcohol to a degree that he posed a hazard to himself and others. Rangers Andrews and Marin used a Portable Breath Test Breathalyzer to collect a breath sample from the defendant. Defendant's Preliminary Alcohol Screening ("PAS") results were .108% and .118% BAC, respectively.

8.  Based on Ranger Andrews' observations and Defendant's performance on the field sobriety tests, Ranger Andrews placed Defendant under arrest for 36 C.F.R. § 4.23(a)(1) - Operation of a motor vehicle while under the influence of alcohol.

9.  At Marin County Jail, Rangers Andrews and Marin attempted to have Defendant perform

the Evidential Portable Alcohol System ("EPAS") blood alcohol breath test. Defendant told them that he has asthma and was unable to give a sufficient breath sample. Defendant consented to a blood test and his blood was drawn at approximately 9 p.m.

10. The results of Defendant's blood test completed on May 2, 2008, from the Santa Rosa Laboratory indicate that Defendant had a blood alcohol level of 0.09%.

11. I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.


Executed June 3, 2008, at San Francisco, California.


                                              _____/s/_____

                                              SARA KIM
                                              Law Clerk
                                              United States Attorney's Office